

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-12-2007

# USA v. Le

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1701

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Le" (2007). *2007 Decisions.* Paper 960.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/960

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-1701

———————

UNITED STATES OF AMERICA

v.

SON THANH LE,
                                        Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 02-cr-00689-2
District Judge:  The Honorable Petrese B. Tucker

———————

Submitted Under Third Circuit LAR 34.1(a)
May 21, 2007

———————

Before: BARRY, CHAGARES, and TASHIMA,[*] Circuit Judges

(Opinion Filed: June 12, 2007)

———————

OPINION

———————

———————

[*] The Honorable A. Wallace Tashima, Senior Circuit Judge, United States Court of
Appeals for the Ninth Circuit, sitting by designation.

BARRY, <u>Circuit Judge</u>

Appellant, Son Thanh Le, argues that the District Court committed multiple errors in calculating his Guidelines range and ultimately sentencing him to 151 months imprisonment. We will remand for resentencing.

In October 2002, Le was charged by a federal grand jury with conspiracy to distribute 3,4 methylenedioxymethamphetamine ("MDMA"), in violation of 21 U.S.C. § 846, and possession with intent to distribute MDMA and aiding and abetting such possession with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Le went to trial, and, having failed to appear for the final day of proceedings, was convicted by the jury on both counts in absentia. Two months later, he was arrested on a warrant and was subsequently sentenced to 151 months imprisonment followed by three years of supervised release. A $2000 fine and a $200 special assessment were also imposed.

Le timely appealed. He argues that the District Court improperly increased his Guidelines offense level for obstruction of justice, failed to decrease that level to take into account his minimal involvement in the offense and his acceptance of responsibility, and refused to downward depart based on the aberrant nature of his conduct. In addition, as he was sentenced prior to the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), he asks that his sentence be vacated and his case remanded for resentencing.

Although both parties urge us to rule on Le's various objections, we refuse to do

2

so.  Pursuant to our ruling in <u>United States v. Davis</u>, 407 F.3d 162, 166 (3d Cir. 2005) (en banc), in those instances in which an appellant challenges a pre-<u>Booker</u> sentence we have determined that all sentencing issues should be remanded to the district courts to be decided in the first instance. <u>See</u> <u>United States v. Boone</u>, 458 F.3d 321, 332 & n.8 (3d Cir. 2006).

We will, therefore, vacate the judgment of sentence and remand for resentencing.

_____